By the Court

Jenkins, J.,
delivering the opinion.
Exemption from military service is sought in this case, under the Act, approved May 1st, 1863, bearing the title “an Act to repeal certain clauses of an Act entitled an Act to exempt certain persons from military service, etc., approved 11th October, 1862.” This Act, by the first section, repeals the exemptions given by the Act of 11th October, 1862, to agents, owners and overseers on plantations. The second section then proceeds to grant exemptions in lieu of those repealed, in certain cases. We insert so much of it as is necessary to the determination of this case: “Eor the police and management of slaves, there shall be exempted one person on each farm or plantation, the sole property of a minor, a person of unsownd mind, a feme sole, or a person absent from home in the military or naval service of the Confederacy, on which there are twenty or more slaves, provided the person exempted was employed and acting as an overseer previous to the 16th April, 1862,” etc. 1st. Hoes the applicant’s plantation fall within the description in the Act of those of which an overseer should be exempted ? It must have answered the description at the time of his enrollment, which he now resists. His affidavit shows that it was not the property of a minor, nor a person of unsound mind, nor of a feme sole. Was it, then, the property of a person absent in the military service? Certainly not, for he is owner, and the enrolling officer found him there, neither absent nor in the military service. But he proceeds under the idea that when, in *84 obedience to orders, he repaired to Macon, he was absent from home, and in the military service. He was summoned to the conscript camp at Macon, to be put into the service, but on arriving there opposed to the claim of service a right of exemption under this Act. Suppose exemption were allowed him, could it be said that he had been in the military service? Or would not his absence have served the sole purpose of procuring exemption from service exacted, but never rendered? 2d. It is apparent from the proviso that the owner of a plantation, as there described, is not contemplated as the exempt. The language is, “provided that the person so exempted was employed and acting as an overseer previous,” etc. He must have been both “ employed and acting” as an overseer. Those words employed and acting are clearly not used as synonyms, as appears by the antecedent use of the word “both,” which requires plurality of requirement. Employed sometimes signifies acting, but not here certainly. The Congress would scarcely have said both “acting and acting.” It means contracted with. The Congress meant to say both “contracted with and acting as overseer.” They meant an overseer hired and acting. A man may, in one sense, oversee his own plantation, but not in the sense of one hired or contracted with, and acting as an overseer. Hooks may have been acting as an overseer of his own plantation, but he was not employed (in any other sense than acting) as such overseer. He did not and could not contract with or hire himself. Therefore, in the proper sense of the Act, although acting as, he was not “ both employed and acting as overseer, previous to the 16th April, 1862.” He does not answer the description of the exempted, allowed under the second section of the Act. 3d. His exemption, if any he can have, must be sought under the third section of the Act, which gives the President discretionary power to grant exemptions in certain cases, and among other cases “on accov/nt of justice, equity and necessity.”
Let the judgment be affirmed.